## MAKRIS v. MOORE et al.

No. 4794.   Decided August 9, 1929.   (280 P. 721.)
Rehearing Denied September 29, 1929.

*F. W. James,* of Salt Lake City, for appellants.

*C. W. Collins,* of Salt Lake City, for respondent.

CHERRY, C. J.

The plaintiff brought this action in the city court of Salt Lake City against defendants, to recover $472 for goods, wares, and merchandise sold and delivered to defendants. The defendants answered, by alleging that "on or about the 1st day of October, 1923, these defendants ordered from the plaintiff the merchandise set out in paragraph 2 of said complaint; that when the said merchandise arrived in Salt Lake City it was condemned by the United States government, and proceedings to confiscate the same were instituted in the federal court, and the defendants ordered

by said court to turn the said merchandise over to the United States marshal, which these defendants did.. That subsequently the plaintiff requested of these defendants to turn the said property over to their agent; that at a time when neither one of these defendants was present, that upon information and belief an agent of the plaintiff came and took the said merchandise." A trial in the city court resulted in a judgment for the plaintiff. Defendants appealed to the district court of Salt Lake county, where the case was again tried, and judgment again rendered for the plaintiff, from which the defendants have appealed to this court.

The sale and delivery of the goods by the plaintiff to defendants were admitted. It is contended, however, that the transaction was illegal, and the defendants not liable for the purchase price, because part of the goods sold and delivered moved in interstate commerce in violation of the federal Food and Drug Act (21 USCA § 1 et seq.). The evidence in support of this claim was a certified copy of a decree of the United States District Court for the District of Utah, reciting that a libel information had been filed and a warrant of arrest and monition issued and served, and that a portion of the goods in question had been misbranded; that the shipper (the plaintiff herein) appeared as claimant of the goods, paid the costs, and executed a bond providing that the goods should not be sold or disposed of contrary to law, whereupon it was ordered that the goods might be withdrawn for the purpose of relabeling, to comply with the Food and Drug Act. There was oral evidence that a United States marshal had served a warrant on defendants, and notified them to hold the goods, and later had released them. There was also evidence that the plaintiff had requested the return of the goods to himself after the proceedings in the federal court, but no return was made. It was clearly established that the goods were sold and delivered to the defendants, by whom they were kept and disposed of.

We think the plea and proof of illegality were insufficient to make out a defense to the action for the purchase price

of the goods. The most that can be said is that a portion of the goods were misbranded as to quantity in violation of the federal law; that under authority of the federal court the goods, after having been seized, were released for the purpose of being relabeled, upon the execution of a bond conditioned that the goods would not be sold or disposed of contrary to law. The defendants thereafter declined to return the goods upon the plaintiff's request, but kept them. Under these circumstances, the defense of illegality of the contract of purchase was not available to them.

JUDGMENT AFFIRMED.

STRAUP, ELIAS HANSEN, EPHRAIM HANSON, and FOLLAND, JJ., concur.